IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN ) <br> IMMIGRATION REFORM, ) <br> 25 Massachusetts Ave, NW, Suite 330 ) <br> Washington, DC 20001 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE ) <br> 2201 C Street, NW ) <br> Washington, DC 20520 ) <br> Defendant. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against Defendant U.S. Department of State ("State") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave, NW, Suite 330, Washington, DC  20001.  Plaintiff seeks to educate the

1

citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant State is an agency of the U.S. Government and is headquartered at 2201 C Street, NW, Washington, DC. State has possession, custody, and control of certain public records to which Plaintiff seeks access through FOIA.

## STATEMENT OF FACTS

5. On August 30, 2016, Plaintiff submitted a FOIA request (the "August 30, 2016 FOIA request") to State, by online FOIA portal, seeking access to the following public records:

   1. Any and all records concerning, referring, or relating to announcements from the agency to the US embassy and US consulates in India instructing employees on how to process, treat, and otherwise approach applications for H-1B visas.

   2. Any and all records concerning, referring, or relating to any program or authorization on the part of the agency to allow investments or loans from companies based or headquartered in the US to foreign countries, specifically for the purpose of building educational institutions and/or facilities.

6. Plaintiff received an acknowledgment letter from Defendant dated September 8, 2016, stating that Plaintiff's August 30, 2016 FOIA request was received on August 31, 2016, and assigning Plaintiff's August 30, 2016 FOIA request the Case Control number F-2016-10965.

7. On August 31, 2016, Plaintiff submitted a FOIA request (the "August 31, 2016 FOIA Request") to State, by online FOIA portal, seeking access to the following public records:

   1. Any and all records of the number of "congressionals" or letters received by the State Department from offices in the Senate and/or the House of Representatives inquiring, referring, or relating to requests that a visa or immigration benefit (*i.e.* an Employment Authorization Document, an application for Deferred Action, a deportation deferral of any kind, etc.) be issued.

> 2. Any and all records of the number of "congressionals" or letters received by the State Department from offices in the Senate and/or the House of Representatives inquiring, referring, or relating to requests that an explanation be provided as to why a visa or immigration benefit (*i.e.* an Employment Authorization Document, an application for Deferred Action, a deportation deferral of any kind, etc.) was denied.
>
>     a. Any and all copies of such letters wherein the underlying constituent in question, or a family member or acquaintance of said constituent, was an admitted undocumented alien or was suspected to be.
>
> 3. Any and all records regarding, referring, or relating to the amount of State Department staff-time (in terms of man-hours, etc.) and cost of answering the above congressional letters.

8. Plaintiff received an acknowledgment letter from Defendant dated September 8, 2016, stating that Plaintiff's August 31, 2016 FOIA request was received on August 31, 2016, and assigning Plaintiff's August 31, 2016 FOIA request the Case Control number F-2016-10967.

9. On September 1, 2016, Plaintiff submitted a FOIA request to State (the "September 1, 2016 FOIA request"), by online FOIA portal, seeking access to the following public records:

> 1. Any and all records referring or relating to agency contact and/or coordination with the Institute of Mexicans Abroad (aka Instituto de los Mexicanos en el Exterior, or IME).
>
> 2. Any and all records of communications, including but not limited to emails, with IME staff and/or representatives, including but not limited to Roger Dìaz de Cossìo, Ernesto de Lucas Hopkins, Candido Morales, Carlos Gonzàlez Gutièrrez, and/or Rodulfo Figuroa Aramoni.[1]
>
> 3. Any and all records regarding the financial and/or budget information of IME.
>
> 4. Any and all records regarding the audit, oversight, and/or annual report materials pertaining to IME.

---

[1] http://www.ime.gob.mx/es/nuestros-directores.

3

     5. Any and all records of memoranda, guidance, and/or directives on the matricula consular card and/or IME's lobbying program to support its use.

     6. Any and all records referring or relating to the distribution of the Guía del Migrante Mexicano and/or any other guides or manuals directed toward foreign nationals on how to enter the United States without documents and avoid deportation.[2]

10.     Plaintiff received an acknowledgment letter from Defendant dated September 9, 2016, stating that Plaintiff's September 1, 2016 FOIA request was received on September 1, 2016, and assigning Plaintiff's September 1, 2016 FOIA request the Case Control number F-2016-11063.

11.     On September 2, 2016, Plaintiff submitted a FOIA request to State (the "September 2, 2016 FOIA request"), by online FOIA portal, seeking access to the following public records:

     1. Any and all records referring to the number of counterfeit and fraudulent US birth and/or identity documents held within the 'Passport fraud library.'[3]

     2. Any and all agency memoranda/directives/communications regarding, referring, or relating to staff use of the terms "illegal alien", "illegal immigrant", "undocumented immigrant", "unaccompanied refugee", "unaccompanied alien child(ren)", and "unaccompanied child(ren)."

     3. Any and all records of sponsors, including lawyers and other professional immigration consultants/professionals, who have signed "affidavits of support" for multiple petition beneficiaries from FY2010 to the date the agency begins its records-search.

---

[2] *See*, *e.g.*, http://www.city-journal.org/html/mexico%E2%80%99s-undiplomatic-diplomats-12891.html ("Mexico's foreign ministry distributes the Guía del Migrante Mexicano (Guide for the Mexican Migrant) in Mexico; Mexican consulates along the border hand it out in the U.S. The pamphlet is also available on the website of the Instituto de los Mexicanos en el Exterior, or IME (Institute for Mexicans Abroad), the cabinet-level agency that promotes Mexicanismo in the U.S.").

[3] *See*, https://www.state.gov/documents/organization/231408.pdf ("The FPP's National Fraud Division… offers resources for passport agencies, including a passport fraud library (a repository of valid and counterfeit U.S. birth and identity documents.").

4

      a. Any and all records regarding, referring, or relating to any investigations (opened or closed) of the above-mentioned activity.

4. Any and all records regarding, referring, or relating to the annual costs of, and number of staff (permanent, quasi-permanent, etc.) which the State Department has committed to the "Mission Mexico" program[4], broken down by year from FY2010 to the date the agency begins its records-search.

      a. Any such records regarding, referring, or relating to the portion of the program that commits agency funds and staff hours to the counselling of migrant children.

5. Any and all records regarding, referring, or relating to the amount of visa applications found to be, or suspected to be, fraudulent for the following categories: Religious visas, Diversity visas, Spousal visas, Marriage visas.

      a. Any and all records regarding, referring, or relating to the number of cases the State Department (consular fraud office, etc.) have referred to law enforcement, any Homeland Security anti-fraud and/or investigatory body, or any policing body.

12. Plaintiff received an acknowledgment letter from Defendant dated September 12, 2016, stating that Plaintiff's September 2, 2016 FOIA request was received on September 6, 2016, and assigning Plaintiff's September 2, 2016 FOIA request the Case Control number F-2016-11194.

13. On September 3, 2015, Plaintiff submitted a FOIA request to State (the "September 3, 2016 FOIA request"), by online FOIA portal, seeking access to the following public records:

1. Any and all records from FY2013 to the present referring or relating to instructions, directives, or guidance received by visa-application-adjudicators to change, alter or adjust the processing of visa applications submitted by, or on behalf of, Israeli nationals.[5]

---

[5] *See*, http://www.jta.org/2016/03/30/news-opinion/politics/major-drop-in-rejections-leaves-israel-near-us-visa-waiver-threshold.

    2. Any and all records referring or relating to the acceptance- and rejection-rates of B-visa applications submitted by, or on behalf of, Israeli nationals.

    3. Any and all records referring or relating to Israel's potential participation and admittance into the Visa Waiver Program.

    4. Any and all records referring or relating to participation in the H-2B visa program by Israeli nationals, including consideration of Israel for the H-2 Eligible Countries List.

    5. Any and all records referring or relating to fraud by Israeli nationals in the B visa program, including fraud by vendors of Dead Sea Salt products, toys, hair products, seasonal gifts, and/or locksmith services.[6]

14. Plaintiff received an acknowledgment letter from Defendant dated September 12, 2016, stating that Plaintiff's September 3, 2016 FOIA request was received on September 6, 2016, and assigning Plaintiff's September 3, 2016 FOIA request the Case Control number F-2016-11198.

15. On September 5, 2016, Plaintiff submitted a FOIA request to State (the "September 5, 2016 FOIA request"), by online FOIA portal, seeking access to the following public records:

    1. Any and all records referring or relating to Bureau of Population, Refugees, and Migration (PRM)'s schedule of regular bilateral consultations and reports on progress regarding its cooperative agreement with United Nations High Commissioner for Refugees (UNHCR).[7]

---

[6] *See*, http://forward.com/news/israel/197072/why-is-us-reluctant-to-waive-visas-for-israelis-a/ ("A leaked cable from the U.S. Embassy in Tel Aviv, dated January 25, 2010, and published by WikiLeaks, demonstrates just how concerned America's authorities are about the phenomenon. Many of the young Israelis who enter fraudulently, the cable reports, work for vendors selling Dead Sea cosmetic products in shopping malls across the country. "Locksmiths also are of concern," wrote Wendy Vincent, the American consular official in Tel Aviv who composed the cable. Others overstaying their visas and working illegally sell toys, hair products and seasonal gifts, she said.").

[7] *See*, UNHCR FRAMEWORK FOR COOPERATION FOR 2016-2017 (page 1), *available at* http://www.state.gov/documents/organization/255576.pdf ("[The document] concludes by establishing a schedule of regular bilateral consultations and reporting on progress.").

2. Any and all briefing books, meeting notes, and general preparatory materials relating to its recent "High-level Meeting on Global Responsibility-Sharing through Pathways for Admission of Syrian Refugees."[8]

3. Any and all records referring or relating to PRM's cooperation, assistance, and/or support for UNHCR efforts to increase the number of refugees it refers for resettlement to all countries.[9]

4. Any and all original records[10] referring or relating to the number of 'Voluntary Return'[11] cases from FY 2010 to the day the agency begins its documents-search.

5. The latest resume on file for Assistant Secretary of State, Anne C. Richard.

16. Plaintiff received an acknowledgment letter from Defendant dated September 14, 2016, stating that Plaintiff's September 5, 2016 FOIA request was received on September 5, 2016, and assigning Plaintiff's September 5, 2016 FOIA request the Case Control number F-2016-11217.

17. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), State was required to determine whether to comply with each of Plaintiff's FOIA requests within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, State's determination of the August 30, 2016 FOIA request was due by September 29, 2016 at the latest; State's determination of the

---

[8] *Id.* at 2 ("As part of the 2016 end-of-year Framework talks, PRM and UNHCR will discuss possible amendments to the Framework to take into account mutually agreed issues that we would like to jointly pursue as a result of various high-level meetings in 2016, e.g., 'High-level Meeting on Global Responsibility-Sharing through Pathways for Admission of Syrian Refugees.'").

[9] *Id.* at 3 ("PRM will support for UNHCR efforts to increase the number of refugees referred for resettlement to all countries.").

[10] We assume this is tracked on a regular basis. To note, the courts have differentiated pre-existing records reflecting statistics and newly generated summary statistics finding the latter inadequate when the requester meant the former. *See Rubman v. United States Citizenship & Immigration Servs.*, 2015 U.S. App. LEXIS 15426, 11 (7th Cir. Ill. Aug. 31, 2015).

[11] *Id.* at 4 ("PRM will continue to support efforts to identify opportunities for voluntary return, noting that 2014 has seen the lowest level of returns in 30 years.").

August 31, 2016 FOIA request was due by September 29, 2016 at the latest; State's determination of the September 1, 2016 FOIA request was due by September 30, 2016 at the latest; State's determination of the September 2, 2016 FOIA request was due by October 4, 2016 at the latest, State's determination of the September 3, 2016 FOIA request was due by October 4, 2016 at the latest; and State's determination of the September 5, 2016 FOIA request was due by FOIA request was due by October 3, 2016 at the latest.

18. As of the date of this Complaint, State has failed to: (i) determine whether to comply with any of Plaintiff's FOIA requests; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

19. Because State has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to all of Plaintiff's FOIA requests, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to those requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

22. Plaintiff is being irreparably harmed by Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:       January 18, 2017                    Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org